UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CHEETAM,

    Plaintiff,                                      Case No. 09-11987
                                               Honorable Denise Page Hood

v.

ROOTER 1 INSURANCE COMPANY,

    Defendant.

_____/

## ORDER DENYING MOTION FOR LEAVE TO APPEAL

This matter is before the Court on Plaintiff Christopher Cheetam's Motion for Leave to Appeal which was filed before the Sixth Circuit Court of Appeals on October 11, 2011.[1] **(Doc. No. 10)** On June 30, 2009, the Honorable John Feikens entered a Judgment and Order adopting the Magistrate Judge's Report and Recommendation dismissing the case for lack of federal jurisdiction. **(Order, Doc. No. 8; R&R, Doc. No. 6)** No timely appeal was taken from the Judgment. On October 11, 2011, the Sixth Circuit Court of Appeals received Plaintiff's Motion to File Out of Time an Appeal. **(Doc. No. 10)**

Rule 3 of the Federal Rules of Appellate Procedure, which prescribes the method for taking an appeal, and Rule 4, which limits the time in which an appeal may be taken, combine to form a jurisdictional threshold prerequisite for matters before the Court of Appeals. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988); *Smith v. Barry*, 502 U.S. 244 (1992); *Brooks v. Toyotomi*

---

[1] The Sixth Circuit Court of Appeals forwarded the Motion for Leave to Appeal to the Clerk of this Court on October 19, 2011. The instant action, originally assigned to the Honorable John Feikens, was reassigned to the undersigned.


*Co., Ltd.*, 86 F.3d 582, 586 (6th Cir. 1996); and *United States v. Webb*, 157 F.3d 451 (6th Cir. 1998). In a civil case, Fed. R. App. P. 4(a)(1) requires that a Notice of Appeal under Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. The district court may extend the time for filing a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5) which states:

> (A)  The district court may extend the time to file a notice of appeal if:
> (i) a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires; ***and***
> (ii) ***regardless*** of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(emphasis added). In this case, Plaintiff filed the instant motion beyond the 30 days prescribed by Fed. R. App. P. 4(a)(1).

Good cause is shown where "forces beyond the control of the appellant" prevented the appellant from filing a timely notice of appeal. *Nicholson v. City of Warren,* 467 F.3d 525, 526 (6th Cir. 2006). "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Id.* Ignorance of the rules or mistakes in construing the rules do not constitute excusable neglect. *Id.* at 527. Mistakes by those who proceed without counsel are not necessarily excusable. *Id.* The district court is without authority to grant an untimely filed motion for extension of time to file an appeal. *Beard v. Carrollton Railroad,* 893 F.3d 117, 120 (6th Cir. 1989); *Pryor v. Marshall,* 711 F.2d 63, 65-65 (6th Cir. 1983)(Rule 4(a) prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time.). Compliance with the time limits set forth in Rule 4 is mandatory and jurisdictional which the court cannot waive nor extend. *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir. 1989); *Budinich*

*v. Becton Dickinson & Co.,* 486 U.S. 196, 203 (1988); *Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir. 1994).  As the Sixth Circuit has noted, "the filing of a notice of appeal does not require much thought or time."  *Marsh v. Richardson,* 873 F.2d 129, 131 (6th Cir. 1989).  "[C]ourts ordinarily reject notices filed only minutes or hours too late."  *Baker,* 879 F.2d at 1398. The failure to file a timely notice of appeal deprives the appellate court of jurisdiction.  *United States v. Guardino,* 972 F.2d 682, 685 (6th Cir. 1992).

Because Plaintiff filed the instant motion beyond the 30 days within which to file the initial notice of appeal, this Court does not have the authority to grant the motion to file the notice of appeal or to consider any reason why Plaintiff failed to timely file the notice of appeal.  Even if the Court had the authority to consider the reasons why the appeal was not filed timely, Plaintiff's motion fails to assert any reason for the delay.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File a Late Appeal (**Doc. No. 10, filed October 11, 2011**) is DENIED.

IT IS FURTHER ORDERED that any appeal from this Court's Orders is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).  The Application to Proceed *In Forma Pauperis* is DENIED.

Dated:  September 25, 2012          S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

               S/LaShawn R. Saulsberry
               Case Manager

3